# Troupe v. Hause, Appellant.

*Contract—Building contract—Evidence—Itemized statement of account.*

1. In an action to recover a balance alleged to be due on a building contract it is proper to admit in evidence an itemized statement of the work and materials furnished, where it appears that such statement was rendered by the plaintiff to the defendant two years before the trial, and that the latter had not returned it or disputed its correctness.

2. In such a case the appellate court will not reverse the findings of the trial judge who tried the case without a jury, where it appears that such findings are sustained by competent evidence, and there is no manifest error.

Argued Nov. 18, 1913. Appeal, No. 158, Oct. T., 1913, by defendant, from judgment of C. P. Del. Co., Dec. T., 1911, No. 229, on verdict for plaintiff in case of Samuel L. Troupe v. Charles G. Hause. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover balance due on a building contract. Before JOHNSON, P. J.

The opinion of the Superior Court states the case.

The case was tried by the court without a jury.

The court entered judgment for plaintiff for $676.81. Defendant appealed.

*Errors assigned* were various findings of fact and the addition of the itemized statement referred to in the opinion of the Superior Court.

*W. Roger Fronefield*, for appellant.

*William Taylor*, for appellee.

OPINION BY MORRISON, J., December 8, 1913:

This action of assumpsit was brought to recover for work and labor done and materials furnished by plaintiff in and about the repair of an old hotel property for the defendant. The parties waived a jury trial under the Act of April 22, 1874, P. L. 109, and tried the case before Hon. Isaac JOHNSON, P. J., who heard a large mass of testimony and found facts and conclusions of law to the effect that the plaintiff was entitled to recover the sum of $594.61, with interest thereon from September 1, 1910, amounting in all to $676.81. To this action of the trial judge the defendant's learned counsel filed thirty-three exceptions covering thirty-four printed pages of appellant's paper-book. Upon due consideration the court dismissed these exceptions and granted judgment for the plaintiff for $676.81, and the defendant appealed and filed in this court twenty-two assignments of error covering forty-two printed pages of the paper-book.

We have given much time and labor to an attempt to develop what this is all about, and we find the substance of the case to be about as follows: Plaintiff agreed in writing with defendant to furnish the material and make certain repairs on the old hotel for $500, and proceeded with the work for a short time when it was

found that the barn needed repairs and that the water system must be put in order and that considerable more material and labor would be required than was contemplated when the written contract was made. Thereupon the plaintiff proceeded with the work and kept an itemized account of the labor by the day and at the close of the job he claimed for material furnished $450.53, and for labor performed $1,077.58, in all $1,528.11. During the progress of the work defendant paid the plaintiff $915 on account, and this of itself is a strong circumstance tending to show that the defendant well knew that the materials and labor were not being furnished and done under the $500 contract. After the job was completed the plaintiff rendered to the defendant an itemized bill of the work and materials and the defendant retained this bill about two years and did not return it or dispute its correctness. At the trial, on request, he produced the account and it was put in evidence by plaintiff for the purpose of showing a prima facie right to recover. This is assigned for error, but we can see nothing wrong, in the circumstances, in admitting this statement in evidence: Buckley v. Paving Co., 132 Pa. 572; Tams .v. Bullitt et al., 35 Pa. 308; Sergeant v. Ewing, 30 Pa. 75.

Upon a careful examination of the record we have reached the conclusion that the findings of fact and the opinion of the learned trial judge sufficiently vindicate his judgment. The parties disagreed as to the facts and the case depended upon the testimony and the findings of fact therefrom, and we are clearly of the opinion that all of the findings of fact are sustained by evidence. In our opinion the elaborate effort of appellant's able counsel has not developed any sufficient reason for reversing the judgment.

The assignments of error are all overruled and the judgment is affirmed.