## Spackman *versus* Ott.

1. Ripka conveyed a ground-rent to Winpenny, of which he informed Ogle but did not record his deed; afterwards Ripka mortgaged the ground-rent to Ogle in trust to pay his creditors who were named. Winpenny received the rent for some years, Ogle died; Clay was substituted and received notice of the deed. He sold the ground-rent under the mortgage and purchased it at the sheriff's sale, the deed being still unrecorded. Clay had no better title after the sheriff's sale than before.

2. The trustee and creditors under the mortgage were in the same situation as an assignee and creditors under a voluntary assignment.

3. Such assignee and creditors are not purchasers for value within the Recording Act of March 18th 1775.

4. Such assignee is the representative of the debtor, enjoying his rights only and not representing the creditors.

5. Winpenny being a purchaser for value, his title was not postponed to that under the mortgage.

March 24th 1870. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia:* No. 210, to January Term 1870.

This was an action of covenant on a ground-rent deed by Samuel Spackman against Reuben Ott, commenced August 5th 1865. The case was tried before Pierce, J., a verdict found for the plaintiff, and a new trial granted, which was tried, October 11th 1869, before Allison, P. J.

On the 1st of November 1847, Joseph Ripka conveyed to the defendant certain real estate reserving a ground-rent of $80 per annum. On the 20th of November 1857, Ripka executed a mortgage to George Shields and Henry K. B. Ogle, trustees, to secure two bonds conditioned to pay in one year a large number of sums of money which Ripka owed to different persons, his creditors, as shown by schedules annexed to the bonds respectively; part of the mortgaged property was the ground-rent of the defendant; the mortgage was recorded on the day of its date. Shields, one

of the trustees, having died, H. G. Clay was appointed in his place; Ogle also died in January 1864. Proceedings were afterwards commenced on the mortgage, and the ground-rent was sold on a levari facias to Samuel Spackman, the plaintiff, for $650, and the sheriff's deed acknowledged January 14th 1865.

The plaintiff having given the foregoing evidence, closed. The defendant then offered in evidence a deed for the ground-rent to Samuel Winpenny, dated November 5th 1857 and recorded April 3d 1867, to be followed by proof of notice of its existence to Shields and Ogle, the original trustees, prior to the deed of trust and subsequently to Clay, the present trustee, before the sheriff's sale, and that the plaintiff bought as agent for the trustee. The plaintiff objected to the offer, it was admitted, and a bill of exceptions sealed. The plaintiff then read the deed; also one from S. Winpenny to B. Winpenny, trustee, for the same ground-rent dated March 19th March 1863 and recorded the 27th of the same month. S. Winpenny testified that Ripka borrowed $1500 from him under the promise of repayment in two weeks; at the expiration of the time, he said he could not raise the money, but said he had a ground-rent of $1300 or $1400 which he would give the witness and would pay him the balance in a few days; he said he wished to secure him; he paid the difference between the ground-rent and $1500. On the morning of the transfer of the ground-rent, witness told Shields and Ogle of the conveyance; Ripka, while he lived, collected the rent and paid witness; witness did not know of the sheriff's sale till after it took place, when Spackman gave notice to the ground tenant not to pay; witness had held the ground-rent six or seven years, but knew nothing of the mortgage. Ripka requested him not to record the deed. There was other evidence as to the notice to Ogle.

W. A. Allison, a creditor under the mortgage, testified that after the trust mortgage was made, he being one of the largest creditors, had frequent conversations with Ogle; the Ott ground-rent being referred to, Ogle said it did not belong to the trust, it had been put there in the confusion of drawing the mortgage. After Clay came into the trust, and before the sheriff's sale, he told witness that the ground-rent was claimed by Winpenny, who. had a deed for it not recorded; that as it was doubtful whether it belonged to the trust he had had searches made and could find nothing of it. He said he got his information from Ogle, the mortgage had been given to secure wages and borrowed money. The defendant proved that the plaintiff bought as agent for the trustees. The plaintiff in rebuttal called Clay who testified that he had no recollection of notice of Winpenny's deed before the sheriff's sale, but had after the sale when he was making efforts to sell the ground-rent; he then made searches.

The plaintiff requested the court to charge the jury:—

[Spackman v. Ott.]

1. That there is no evidence of actual notice of the unrecorded deed from Ripka to Winpenny, being given to the trustees for creditors.

2. That the creditors, for whose benefit the mortgage was made to Shields and Ogle, are regarded as bonâ fide purchasers for valuable consideration, and cannot therefore be bound by any unrecorded assignment of the ground-rent, even though made prior to the date of the mortgage under which they claim.

3. That actual notice must be proved to have been given to the creditors for whose benefit the mortgage was made; and there being no evidence of such notice, the plaintiff is entitled to recover.

4. That the plaintiff, being the sheriff's vendee, cannot be affected by any assignment of the said ground-rent made by Joseph Ripka, and unrecorded at the date of the said sheriff's sale.

5. That the defendant, as a creditor of Joseph Ripka, cannot stand in any better position than any other of his creditors.

6. That notice to Shields or Ogle, prior to their acceptance of the trust, was no notice to affect creditors under the trust.

7. That such notice would not be notice to a subsequent trustee.

8. If the subsequent trustee purchased the ground-rent at sheriff's sale, and receipted to the sheriff on account of the debts of the creditors, this made him a purchaser for value.

9. That notice to charge Mr. Clay must have been notice by some one interested, and not by a mere stranger, and that mere rumor was not sufficient to put him on his guard.   And that if the jury believe Mr. Clay, after such notice, made searches and found nothing, he is a bonâ fide purchaser for value, without notice.

10. That if Winpenny held the ground-rent as a security for the payment of his debt, the mortgage being first on record, has a claim prior to it.

The court answered :—

" I affirm plaintiff's last point.   If Winpenny took the conveyance as security merely, it is not good as against the claim of the plaintiff.

" I disaffirm all other points submitted by plaintiff, except so far as they refer to the question of notice, and I would not affirm that, had it not been a question raised in the argument of the motion for a new trial, when Pierce, J., ordered a new trial on the ground that defendant ought to have been permitted to prove this notice to trustees.   If I did not feel myself precluded on this question of notice, I would affirm the points submitted by defendant, and disaffirm those of plaintiff, even to that extent.   But, inasmuch as I consider myself precluded by the judgment of the court, I affirm those points of defendant, with the qualification that you must take into consideration this question of notice to trustee.   If you find the conveyance was made to Winpenny under the circumstances testified to, and if also you find that it was made in pay-

ment, and not by way of security; and that both Ogle and Clay had notice of this, then your verdict must be for defendant."

The verdict was for defendant.

The plaintiff took a writ of error and assigned for error the admission of the evidence and the disaffirmance of his points.

*J. G. Johnson,* for plaintiff in error.

*R. P. White* and *George H. Earle,* for defendant in error.

The opinion of the court was delivered, March 31st 1870, by

SHARSWOOD, J.—Joseph Ripka, on the 5th of November 1857, executed a deed conveying to Samuel Winpenny in fee the ground-rent in question. It was absolute on its face, and after the verdict below must be assumed to have been for a valuable consideration, having been given and received in payment and extinguishment of a debt, due by the grantor to the grantee. It was not recorded, however, until April 3d 1867.

On November 20th 1857, Joseph Ripka executed a mortgage of this ground-rent with other real estate, to George Shields and Henry K. B. Ogle, in trust to secure certain of his creditors, conditioned for the payment by the mortgagor, within one year from the date, of a sum sufficient to discharge their debts with interest. George Shields died, and Harry G. Clay was appointed by the Court of Common Pleas trustee in his place. Afterwards Mr. Ogle, the other trustee, died, and Mr. Clay proceeded by scire facias on the mortgage, and the plaintiff, Samuel Spackman, became the purchaser at the sheriff's sale, but bought, however, as agent for the trustee, as the jury have found. The, mortgage was recorded the same day.

It is contended that the deed to Winpenny not having been recorded within six months from its date, nor until long after the recording of the mortgage, the title derived under it must be postponed to that derived under the mortgage. It has not been and cannot be pretended that the purchase by the trustee at sheriff's sale gave him any better title than he had before. The jury must have found that Ogle had notice of the deed to Winpenny, and that notice was communicated by him to Mr. Clay, after his appointment and before the sale. All question on that point, must be considered as at rest.

But it is certainly very doubtful, to say the least, whether the notice to Ogle before he became trustee can affect the *cestuis que trust* under that mortgage, if they can be considered as purchasers for value. In The Lessee of Henry *v.* Morgan, 2 Binn. 497, an ejectment against a trustee, it was held not to be competent to give evidence that he had notice of an unrecorded deed before his appointment, because it cannot affect the *cestuis que trust.* But

[Spackman v. Ott.]

were the creditors of Ripka, secured by the mortgage, purchasers for a valuable consideration, within the protection of the recording Act of March 18th 1775? (1 Smith's L. 422.) It provides that an unrecorded deed "shall be adjudged fraudulent and void against any subsequent purchaser or mortgagor for valuable consideration." It is very well settled that an assignment in trust for the payment of debts is not within the protection of the act. The assignee is not a purchaser for value, neither are the creditors, having surrendered no right, nor agreed to any forbearance on the faith of the instrument: Twelves v. Williams, 3 Wharton 493. "Perhaps nothing is better settled in this state," says Mr. Justice Agnew, in In Re Fulton's Estate, 1 P. F. Smith 211, "by uniform and numerous decisions than this, that a voluntary assignee is the mere representative of the debtor enjoying his rights only, and no others; and is bound where he would be bound; that he is not the representative of creditors and is not clothed with their powers; that he is but a volunteer and not a bonâ fide purchaser for value. Nor are the creditors for whom he holds his trust such purchasers under his deed." See the cases there cited. Wherein does a mortgagee for the benefit of creditors differ from an assignee? The ingenious counsel for the plaintiff has indeed argued very strenuously that the assent of the creditors to the delay of a year under the mortgage would amount to a contract to forbear for that period, and thus constitute them purchasers for value. But where was the evidence of their assent? Had they actually become parties to the mortgage, or executed a release or letter of license, there might have arisen such a question. There is nothing to show that every one of the creditors could not have proceeded against Ripka personally at any period. In Bixler v. Ream, 3 Penna. Rep. 282, the defendant endorsed on a bond held by the plaintiff an agreement to pay it in one year from the date, yet it was held that, there being no agreement to forbear, it was without consideration.

It is evident, from the determination of this question, that the plaintiff in error has no ground to complain of the admission of the evidence, or the refusal of the court below to affirm his points.

Judgment affirmed.