# Vandyke *against* Christ.

A general assignee for the benefit of creditors is neither a purchaser nor the representative of creditors, such as will be protected by the provisions of the statutes of the 13 and 27 Eliz., the objects of which were to avoid those transfers of property which were made with an intent to deceive creditors and purchasers.

ERROR to the Common Pleas of *Union* county.

This was an action of replevin by John Vandyke against Levi B. Christ, assignee of William Martin, to recover certain articles of personal property. The property belonged to William Martin, and he made a bill of sale of it to John Vandyke, to indemnify him against the payment of a note for which he had gone his security. The actual possession of the property was not changed. Subsequently William Martin made a voluntary assignment to Levi B. Christ, for the benefit of his creditors, who, having complied with the requisitions of the Act of Assembly, took possession of the property. This replevin was then brought for it, and the question was presented, in whom was the right?

The court below was of opinion, that inasmuch as the delivery of possession did not accompany the bill of sale to Vandyke, it was fatal to his claim, and instructed the jury to find for the defendant.

VII. — 2 G

[Vandyke v. Christ.]

*Miller*, for plaintiff in error, argued that the assignee was neither a purchaser for a valuable consideration, nor a creditor whose execution was delayed, and as the plaintiff had the first and best title to the property, he was entitled to recover it in this action, and cited 4 *Whart.* 500; 5 *Watts & Serg.* 343; 4 *Binn.* 258; 2 *Burr.* 941.

*Linn*, for defendant in error, argued that possession of personal property was essential to the transfer of the right of it, either against a creditor or assignee. Cited, 5 *Serg. & Rawle* 252; 4 *Rawle* 260; 5 *Watts* 483; 1 *Penn. Rep.* 57; 2 *Watts & Serg.* 147; 4 *Watts* 121.

The opinion of the Court was delivered by

GIBSON, C. J.—Fraudulent retention of possession avoids a contract of sale only as to creditors or purchasers; the first by the 13 Eliz., the second by the 27 Eliz.; and it is only necessary to turn to *Roberts on Fraudulent Conveyances* (*Ch. V.*, § 3,), or any other text-book in which the cases are arranged, to see that delivery at the time of sale, is required by a free interpretation of those statutes, and not by the common law. For what purpose do they require it? The object of the 13 Eliz. was to avoid those collusive transfers of the legal ownership, which would put the property beyond the reach of a debtor's creditors; that of the 27 Eliz., to avoid those that are made with an intent to deceive purchasers: and to these ends such conveyances are deemed to be no conveyances against the party attempted to be defrauded, but good against every one else. In what position did Christ stand, as Martin's assignee for payment of the general creditors? Not in that of a purchaser; as was ruled in *Twelves* v. *Williams*, (3 *Whart.* 485), and not in that of a creditor or representative of creditors; as appears by several clauses of the statute which declares that all conveyances of lands, tenements, hereditaments, goods or chattels made "to the end to delay, hinder or defraud creditors or others," shall be void "only against that person or persons, &c. whose actions, suits, debts, &c. by such guileful, fraudulent or covinous devices and practices shall or might be in anywise disturbed, hindered, delayed or defrauded." Creditors, therefore, are protected only against those fraudulent transfers that would eloign the property and put it beyond the reach of their executions; and what execution could this assignee have? In *Twelves* v. *Williams* it was shown that a general assignee is neither a purchaser nor the representative of the creditors; and he consequently cannot claim the benefit of provisions intended for their protection. They are not bound by the assignment till they have acceded to it by an acceptance of its conditions; nor have they gained any vested interest in it. Before that is done, what would there be to hinder the assignee from executing a reconveyance?

[Vandyke v. Christ.]

He is the debtor's instrument for distribution, and stands in rela-tion to the property as stood the debtor himself, except that it can-not be seized in his hands on a creditor's execution. It has been transferred to him as it would have been transferred to the debtor's right hand, had it pleased him to exercise his common-law right of preference by payment in person. As he stands in no privity to the creditors, he cannot arrogate to himself any of their attri-butes or rights; and the assignment to Vandyke is consequently not fraudulent as to him. There are three small exceptions to immaterial evidence; in respect to which it is difficult to say whether it was competent or not; but the error, if there was any, is not sufficiently manifest to justify a reversal on that ground.

Judgment reversed, and *venire de novo* awarded.