213     207
e213    ¹407

# Duplex Printing Press Company, Appellant, v. Clipper Publishing Company.

*Practice, C. P. — Reservation of question of law — Receiver's sale — Replevin.*

In replevin by a vendor against a purchaser at a sale by the receiver of a conditional vendee where the real issue is which has the better title, the reservation of a point whether there is any evidence on which the plaintiff can recover is improper in form.   The question should be reserved explicitly, or on a request to the court to direct a verdict for the defendant.   If the court, however, treats the reservation as if it were based upon such a direction, the error in form is not fatal.

*Contract—Sale—Conditional sale—Rights of creditors—Receivers.*

Whatever rights the vendor in a conditional sale may reserve as between himself and the conditional vendee, the goods in the hands of the latter are subject to levy by his creditor; nor is it material that the purchaser at a receiver's sale of such goods had notice of the vendor's continuing title.

When on a creditor's bill, a receiver is appointed for an insolvent corporation, he is not limited like an assignee for the benefit of creditors by the rights of the debtor corporation as to property held by it under a conditional sale, but has the rights of a levying creditor, and a sale by him passes a good title against the vendor irrespective of the purchaser's status as a creditor either with or without notice.

Argued Oct. 10, 1905.   Appeal, No. 76, Oct. T., 1905, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1903, No. 68, for defendant non obstante veredicto in case of Duplex Printing Press Company v. Clipper Publishing Company, John S. Sell, receiver, and James K. Clarke, intervener. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ.   Affirmed.

Replevin for a printing press.

McConnell, J., found the following facts :

The property involved in controversy in this case was delivered to the Clipper Publishing Company on the footing of a conditional sale.   The plaintiff proposed to build for that company and have delivered in running order at Greensburg, Pa.,

November 13, 1901, a printing press of defined mechanism and construction for the price of $6,500, $500 of which was payable on acceptance of the proposal, and $1,500 when the press was set up in good running order. It was further stipulated in the plaintiff's proposal that the Clipper Publishing Company "shall give to us your notes for the balance of the purchase price, dated and drawing interest payable annually at six per cent. per annum from the date of the shipment of the press," as therein set out in detail.

The terms of the proposal were accepted and agreed to by the Clipper Publishing Company, and delivery was made on that basis. There was no attempt made to hire or lease the press on any defined terms. Only terms of barter and sale are employed by the parties. Nothing that could constitute the transaction a bailment, as distinguished from a conditional sale, appears in the contract, unless it is to be found in the following concluding paragraphs of the proposal, viz :

" You shall immediately, upon its receipt, insure and keep the press insured for our benefit, as our interest may appear, for $6,500, and send the policy to us, and the right, title and ownership to and of this press does not, and shall not, pass from us until all of the above payments have been fully paid. If you shall fail or neglect to pay any of the foregoing payments or notes for the space of thirty days after any of the above payments, interest or notes become due, then we or our representative may enter the premises wheresoever the press may be, and take the same into our possession, and remove it therefrom, at our discretion, and all the payments that may have been made previous to the time of such default in payment shall be held by us, under the legal principles applicable thereto, as a just compensation for the use of said press to the time of such default in payment, and for our loss and trouble in the matter.

" The delivery by you to us of any collateral, promissory note or commercial paper, either your own or of any third person, shall not be deemed a payment of any of the aforesaid sum until such is paid, and shall not prevent us from enforcing the foregoing agreement. When all payments hereunder shall have beeen made, then we will execute and deliver a bill of sale of said press.

"It is to be understood that if this proposal be accepted both parties shall be governed solely by the terms and conditions herein expressed, and not by any verbal agreement."

The defendant became insolvent and a receiver was appointed. The receiver, under order of court, sold the press to James K. Clarke. In a replevin brought by the Duplex Printing Press Company against the Clipper Publishing Company, Clarke was allowed to intervene to protect his title.

At the trial the court reserved the point whether there was any evidence on which the plaintiff could recover.

The court entered judgment for defendant non obstante veredicto.

*Error assigned* was the judgment of the court.

*V. E. Williams*, with him *A. M. Sloan* and *W. F. Wegley*, for appellant.—A conditional sale is valid and binding between the parties thereto, or between the vendor or any third party except a creditor or a bona fide purchaser for value without notice, and James K. Clarke, not being a creditor but only a purchaser with notice, he takes only such title as the Clipper Publishing Company had in the machinery and subject to all the vendor's equities therein : Simpson v. Shackelford, 49 Ark. 63 (4 S. W. Repr. 165) ; Kohler v. Hayes, 41 Cal. 455 ; Tomlinson v. Roberts, 25 Conn. 477 ; Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284 (18 So. Repr. 597) ; Sims v. James, 62 Ga. 260 ; Lanman v. McGregor, 94 Ind. 301 ; Moseley v. Shattuck, 43 Iowa, 540 ; Lynds v. Winkler, 23 Kans. 697 ; Brown v. Haynes, 52 Me. 578 ; Armour v. Pecker, 123 Mass. 143.

A fortiori under this rule a purchaser from a conditional vendee with notice can acquire no title : Waterston v. Getchell, 5 Me. 435 ; Gerow v. Castello, 11 Col. 560 (19 Pac. Repr. 505); Jones v. Clark, 20 Col. 353 (38 Pac. Repr. 371).

On a sale by a receiver only such title and interest passes as was passed by the party whose interest was being sold. The rule of caveat emptor applies, and it is for the purchaser to ascertain what that interest is.

Replevin will lie against a receiver to recover goods in his custody to which the defendant had no title or to which the plaintiff had a title superior to that of the vendee defendant: Corn Exchange Bank v. Blye, 101 N. Y. 303 (4 N. E. Repr. 635); Leighton v. Harwood, 111 Mass. 67.


*A. H. Bell,* contra, filed no printed brief.


OPINION BY MR. CHIEF JUSTICE MITCHELL, January 2, 1906:

This is an action of replevin to try the title to a perfecting press manufactured and delivered by plaintiff to defendant under agreement that the title should not pass until the press was fully paid for. The purchaser (defendant) became insolvent but before plaintiff had retaken possession under its retained title, a creditor of the purchaser filed a bill, under which a receiver was appointed, who under direction of the court sold the press to one Clarke. By leave of the court this suit was brought and Clarke allowed to intervene for the protection of his title.

At the trial the judge reserved the point whether there was any evidence on which the plaintiff could recover. While this is a permissible form of reservation in appropriate cases it was not a good or convenient one here. The real issue was whether the receiver's sale gave Clarke a better title than that of plaintiff under its agreement, and it would have been much better to have reserved the question explicitly in that form. The facts not being disputed this was a question of law. Or the point could have been raised, though less explicitly, by a request to the court to direct a verdict for the defendant. This being reserved and the verdict taken for plaintiff the whole case would have been under control of the court on the exact issue. The learned judge, however, in his opinion treated it on this basis and this being correct in substance the error in form was not fatal: Williams v. Crystal Lake Water Co., 191 Pa. 98.

The contract between the original parties here was clearly one of conditional sale, and not of bailment: Ott v. Sweatman, 166 Pa. 217. This indeed is practically conceded by the

course of appellant's argument. The references to decisions in other states upon the rights of the vendor as against creditors of the conditional vendee are therefore irrelevant. The law of Pennsylvania is settled that whatever rights the vendee may reserve as between himself and the conditional vendee, the goods in the hands of the latter are subject to levy by his creditors : Brunswick, etc., Co. v. Hoover, 95 Pa. 508; Forest v. Nelson, 108 Pa. 481.

Nor is it material that Clarke, the intervening purchaser, had notice of the vendor's continuing title, which is the main ground of appellant's argument. Clarke's title does not depend on his status as a bona fide purchaser without notice, but on the powers of the receiver who made the sale.

We come, therefore, to the real point of the case, which is the title that passed to the purchaser by the sale. The authority of a receiver and the effect of his action depend almost entirely on the purpose of his appointment and the extent of his powers conferred by the decree appointing him. The paper-book of the appellant is quite defective in failing to print the bill on which the receiver was appointed, the decree appointing him, or even the order of the court authorizing the sale, and as the appellee furnished no paper-book we get no assistance from that quarter. The learned judge below, however, has stated the facts very clearly, that the proceeding in which the receiver was appointed was made part of the evidence in this case and " the bill and answer show that complainants therein proceeded in behalf of themselves as creditors, and on behalf of the other creditors of the Clipper Publishing Company, on account of the alleged insolvency of the defendant, which allegation of insolvency was admitted by the defendant corporation. The appointment of a receiver was, therefore, professedly made for the protection of creditors of an insolvent corporation, and the order of sale by the receiver was made to subserve their rights. The authority conferred on the receiver came not from the creditor or from the debtor, but from the law itself."

From this it must be assumed that the receiver in this case represented the creditors in whose interest he was appointed, and was clothed with all the powers the creditors would have had in acting for themselves.

Tams v. Bullitt, 35 Pa. 308, was an action by trustees under the insolvent law to recover money received by a third party for the use of the insolvent.    The trustees were apparently appointed under the insolvent Act of June 16, 1836, P. L. 731, though the act is not mentioned in the report.    By that act the insolvent before his discharge was obliged to make an assignment to trustees, and (sec. 34) such trustees were thereupon deemed to be vested with all the estate, rights, etc., of the assignor and capable of suing in their own names for all such estate, etc.    In sustaining the action this court, per STRONG, J., said, " the right of plaintiffs to recover might well depend upon the question whether the transactions between William Tams and John Tams were honest or in fraud of creditors.    As between the two brothers there may have been no right in John to recover money received by William, but if the money came to William's hands in pursuance of a fraudulent arrangement the plaintiffs who were clothed with the rights of creditors could disregard that arrangement and recover when John Tams himself could not."    And again, " If by virtue of a fraudulent arrangement between John Tams and William Tams the money of the former came to the hands of the latter, assignees acting under a compulsory assignment could recover it."

A voluntary assignee for the benefit of creditors is a mere representative of the debtor and is bound where he would be bound : Wright v. Wigton, 84 Pa. 163 ; but Tams v. Bullitt establishes the distinction that when the assignee, trustee, or whatever he may be called, derives his authority, not from the mere voluntary act of the assignor but from the mandate of the law, even when enforced in the language of that case, through a " compulsory assignment " from the debtor, in the interest of the creditors, he represents the latter and is vested with their powers.    The same principle applies a fortiori to a receiver deriving his authority not at all from the debtor, but altogether from the court acting in the interest and for the enforcement of the rights of creditors.

When, therefore, on a creditor's bill, a receiver is appointed for an insolvent corporation, he is not limited like an assignee for the benefit of creditors, by the rights of the debtor corpora-

tion as to property held by it under a conditional sale, but has the rights of a levying creditor, and a sale by him passes a good title against the vendor, irrespective of the purchaser's status as a creditor either with or without notice.

Judgment affirmed.