MISHAWAKA WOOLEN MANUFACTURING COMPANY, Appellant, vs. TEASDALE, Assignee, Respondent.

*January 13—January 31, 1911.*

*Void conditional sale: Rights of assignee for benefit of creditors:*
*Bankruptcy: State statutes: Federal courts.*

1. Where a contract of conditional sale of goods by which the vendor retains title is void under sec. 2317, Stats. (1898), as to the creditors of the vendee, it is void as to his assignee for the benefit of creditors under sec. 1693c, Stats. (Supp. 1906: Laws of 1901, ch. 207), and such assignee is entitled to possession of the property as against the vendor.

2. Although the federal rule, when unaffected by statute, is that a trustee in bankruptcy takes only the title and rights of the bankrupt, yet where by state law a transfer or incumbrance is void as to the creditors the trustee succeeds to the rights of any creditor qualified to avoid such transfer or incumbrance, the federal courts being controlled in such cases by the state statute and the interpretation given it by the highest court of the state, unless affected by the peculiar provisions of the bankruptcy act itself.

APPEAL from an order of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge.    *Affirmed.*

One J. C. Mullen, a merchant of Sparta, Wisconsin, purchased and received some goods from the plaintiff under a written contract wherein it was provided that "the title and property of all the goods herein mentioned shall remain in the vendor until fully paid for in cash, and if payment for the same shall not be properly made when due, or if, at any time before the same shall be fully paid for, the purchaser shall become insolvent, or shall in the opinion of the vendor be in danger of insolvency, or the vendor, in its judgment, shall for any reason whatever deem itself in danger of losing the price of said goods, then the vendor may, at its option, reclaim and take possession of so much of the said goods as shall then remain in the hands of the purchaser unsold."

The contract was never filed as provided by sec. 2317, Stats. (1898). After some of the goods so purchased and received were sold, Mullen made a voluntary assignment, for the benefit of creditors, to the defendant. Plaintiff brings replevin for the unsold goods in the possession of the defendant, alleging that no part of the purchase price has been paid and setting out the above facts, in addition to the usual averments in such an action. The defendant interposed a general demurrer, and plaintiff appealed from an order sustaining the same.

For the appellant there was a brief by *Buell & Lucas,* and oral argument by *C. E. Buell.* They contended that at common law an assignee for the benefit of creditors represents the assignor only. He does not represent the creditors except as he is made to represent them by statute. *Hawks v. Pritzlaff,* 51 Wis. 160; *Estabrook v. Messersmith,* 18 Wis. 545; *Keyes v. Merrill F. Co.* 92 Wis. 32; *Skobis v. Ferge,* 102 Wis. 122. We have no statute making the assignee the representative of creditors except sec. 1693c, Stats. (Supp. 1906: Laws of 1901, ch. 207), which only authorizes the assignee to bring an action to set aside a fraudulent conveyance made *by* his assignor or a fraudulent lien created *by* him. *Mishawaka W. Mfg. Co. v. Smith,* 158 Fed. 885. Under the recent decisions of the federal courts the filing of a petition in bankruptcy does not amount to an equitable levy or attachment upon the property of the bankrupt, and the conditional vendor of property under an unfiled contract of sale has repeatedly been permitted to recover the same from the trustee in bankruptcy. The federal courts hold that the trustee takes only the title which the bankrupt had, and that he takes the property subject to all lawful liens thereon and subject to all equities existing between the parties. *York Mfg. Co. v. Cassell,* 201 U. S. 344; *Bryant v. Swofford Bros. D. G. Co.* 214 U. S. 279; *Yeatman v. Savings Inst.* 95 U. S. 764; *In re Platteville F. & M. Co.* 17 Am. Bankr. Rep. 291; *Mishawaka W. Mfg. Co. v. Smith,* 158 Fed. 885; *Thompson v.*

*Fairbanks,* 196 U. S. 516; *Humphrey v. Tatman,* 198 U. S. 91; *Hauselt v. Harrison,* 105 U. S. 401; *In re New York E. P. Co.* 6 Am. Bankr. Rep. 615; *In re Cavagnaro,* 16 Am. Bankr. Rep. 320; Loveland, Bankr. (3d ed.) pp. 445, 448, 450; Collier, Bankr. (7th ed.) p. 765; 1 Remington, Bankr. § 1144.

*Howard Teasdale,* for the respondent.

VINJE, J. Under the provisions of sec. 2317, Stats. (1898), the contract set out in the complaint is void as to creditors of the vendee without notice. That section reads:

"No contract for the sale of personal property, by the terms of which the title is to remain in the vendor and the possession thereof in the vendee until the purchase price is paid or other conditions of sale are complied with, shall be valid as against any other person than the parties thereto and those having notice thereof unless such contract shall be in writing, subscribed by the parties, and the same or a copy thereof shall be filed in the office of the clerk of the town, city or village where the vendee resides, or if he shall not be a resident of the state then in the office of the clerk of the town, city or village where the property may be at the time of making such contract, and such clerk shall file, keep and index the same in like manner as mortgages of personal property and receive a like compensation therefor; but the effect of such filing shall not extend for more than one year after the time fixed for payment of the contract price or for the performance of the other conditions of such sale."

In the case of *S. L. Sheldon Co. v. Mayers,* 81 Wis. 627, 51 N. W. 1082, it was held that such a contract was void as to the assignee for the benefit of creditors of the vendee; that as to them, title passed to the vendee, and the assignee was entitled to the possession of the property sold under the contract. The decision in that case governs this. True, it was decided under the provisions of ch. 170, Laws of 1882, which reads:

"In all cases of voluntary assignment for the benefit of creditors made under the provisions of ch. 80 of the Revised

Statutes, the assignee or assignees shall be considered as representing the rights and interests of the creditors of the debtor or debtors making the assignment, as against all transfers and conveyances of property which would be held to be fraudulent or void as to creditors; and shall have all the rights which such creditors would have to bring and maintain an action to avoid such fraudulent conveyances and transfers."

That chapter was repealed by the Statutes of 1898, but sec. 1693c, Stats. (Supp. 1906), enacted in 1901 (ch. 207), confers upon the assignee all the rights conferred by ch. 170, Laws of 1882, and additional ones also.    That section provides:

"In all cases of voluntary assignment for the benefit of creditors made under the provisions of the laws of this state the assignee or assignees shall be considered as representing the rights and interests of the creditors of the debtor or debtors making the assignment, as against all transfers and conveyances of property and all liens or charges thereon which would be held to be fraudulent or void as to creditors; and shall have all the rights which such creditors would have to bring and maintain an action to avoid said fraudulent conveyances and transfers."

It is evident that if ch. 170 was broad enough to confer upon the assignee the rights of creditors sufficiently to render the conditional sale void as to him, then all the more so must sec. 1693c confer such rights, for it contains all the provisions of ch. 170 and, in addition thereto, after the words "and conveyances of property" the words "and all liens and charges thereon."

Our attention is called to the federal rule that a trustee in bankruptcy takes only such title as the bankrupt held and acquires no greater rights than he had.    1 Remington, Bankr. § 1144; *In re Pittsburgh Ind. Iron Works,* 179 Fed. 151. That is the federal rule unaffected by statute.    The same rule prevailed in this state previous to the enactment of ch. 170, Laws of 1882.    See *Hawks v. Pritzlaff,* 51 Wis.

160, 7 N. W. 303.   But the federal courts also hold that where there has been some transfer or incumbrance of property void as to creditors by state law for want of record or otherwise, the trustee succeeds to the rights of any creditor who may be qualified under the state law to avoid the transfers or incumbrances or to take advantage of the fraud. 1 Remington, Bankr. § 1207.   The state statute and the interpretation given it by the highest court thereof as to ownership and other interests in property will control the federal courts, unless affected by the peculiar provisions of the bankruptcy act itself.   1 Remington, Bankr. § 1139; *York Mfg. Co. v. Cassell,* 201 U. S. 344, 26 Sup. Ct. 481.   The circuit court properly sustained the demurrer to the complaint.

*By the Court.*—Order affirmed.