---

### In re MINA.

(District Court, W. D. Pennsylvania. February 10, 1914.)

No. 9581.

**Bankruptcy ⚛︎188(2)—Property held under conditional sale contract passes to trustee.**

> Under the law of Pennsylvania and Bankruptcy Act, § 47a(2), as amended by Act June 25, 1910 (Comp. St. § 9631), which vests a trustee with all the rights of a creditor holding a lien by legal or equitable proceedings, property *held* by a bankrupt under a conditional sale contract, and passing into the hands of his receiver, cannot be reclaimed by the seller.

In Bankruptcy. In the matter of George Mina, doing business as the Keystone Garage, bankrupt. On petition of the Pure Oil Company to reclaim property. Denied.

Morris, Walker & Boyle, of Pittsburgh, Pa., for creditors.
John W. Dunkle, of Pittsburgh, Pa., for Pure Oil Co.

ORR, District Judge. The Pure Oil Company claims the ownership of a certain pump for the measuring of gasoline, and as well certain equipment connected with said pump, which was sold by it to the bankrupt upon a contract of conditional sale, and which is now in the hands of the receiver in bankruptcy.

The terms of the contract of conditional sale need not be set forth. The contract was in writing, and generally provided for the retention of title in the conditional vendor until payment by the vendee of the purchase price. Such contracts have always been deemed good, as between the parties thereto, under the law of Pennsylvania. Hineman v.

⚛︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Matthews, 138 Pa. 204, 20 Atl. 843, 10 L. R. A. 233; Durr v. Replogle, 167 Pa. 347, 31 Atl. 645; Christ v. Zehner, 212 Pa. 188, 61 Atl. 822. Indeed, those very cases, well recognizing the validity of the contract between the parties thereto, impliedly, if not expressly, hold that such contracts are not valid as against those creditors of the conditional vendee who had issued execution and seized the property which was the subject of the condition of sale. The relations of the conditional vendor to the conditional vendee, and of both to the creditors of the latter, are conveniently to be found in Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207, 62 Atl. 841. That was a cause where a receiver appointed for an insolvent corporation, in pursuance of creditors' bill, was held to have the rights of a levying creditor to the extent that a sale by him passed a good title against the conditional vendor.

With respect to the status of the parties to the conditional sale, counsel for claimant insists that while the law of Pennsylvania may have been as expressed in those cases, yet, since the passage of the Pennsylvania Sales Act of 1915 (P. L. 543), the law has been otherwise. He relies upon a provision in section 18 of that act, in conjunction with the first paragraph of section 20. The former is as follows:

"Sec. 18. First. Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.

"Second. For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case."

The first paragraph of section 20 is as follows:

"Sec. 20. First. Where there is a contract to sell specific goods, or where goods are subsequently appropriated to the contract, the seller may, by the terms of the contract or appropriation, reserve the right of possession, or property in the goods until certain conditions have been fulfilled. The right of possession or property may be thus reserved notwithstanding the delivery of the goods to the buyer or to a carrier or other bailee for the purpose of transmission to the buyer."

We are satisfied that the position taken by counsel for the claimant is not tenable. The act, taken as a whole, is an act, as shown by its title, "relating to the sale of goods." It is intended to be an embodiment of the law relating to sales as such law was to be found in the legislative enactments, the judicial decisions, and customs, in the state of Pennsylvania. It was not intended to declare the rights of general or lien creditors of either party to a sale. Especially must it be held that it does not affect the creditors of a conditional vendee. Not only from its omissions, but also from the fact that the same Legislature passed at the same session, an act entitled:

"An act defining conditional sales, and regulating the recording and effect thereof, and providing penalties." Act 1915 (P. L. 836).

The later act is limited in its operation to contracts whereby goods or chattels attached or to be attached to real property or chattels real are sold and delivered upon the condition that title shall not pass until the purchase money is paid. It is unnecessary to dwell upon the pro-

visions of this later act, but it is well to note that the Legislature was careful to provide that such goods and chattels should not become fixtures if the provisions of the act were followed, with respect to form of contract and the place for recording the same.

Until some other legislation is enacted by the General Assembly of Pennsylvania, the law, so far as it relates to contracts like the one before us, must be deemed to be the same as it existed prior to the passage of the act relied on by plaintiff's counsel. The receiver of the bankrupt, by reason of the provisions of the amendment to the Bankruptcy Law of June 25, 1910 (Comp. St. §§ 9586–9656), is vested with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings upon the pump and its equipment, just as fully as the receiver appointed by the state court, in Duplex Printing Press Co. v. Clipper Publishing Co., supra.

The petitioner is not entitled to a return of the property described in its petition. Therefore its petition must be dismissed.