## Strawn, Trustee, v. Iams (No. 1).

*Assignments for benefit of creditors—Voluntary assignments—Assignees—Rights—Defenses to actions—Act of June 4, 1901, P. L. 404.*

1. In cases of voluntary assignment for the benefit of creditors, the assignee stands in the shoes of his assignor when liens created more than four months before the liened property was assigned, are sought to be enforced; he cannot avail himself of defenses which his assignor could not have set up, and will not be permitted to show, in an action of scire facias on a mortgage, given by the assignor more than four months before the assignment, that the

mortgage was a fraud on the assignor's other creditors, and the fact that the assignee is warned and is on record as terre tenant is not material. Sec. 17 of the Act of June 4, 1901, P. L. 404, relating to the powers of assignees for the benefit of creditors, did not confer upon assignees rights in relation to property encumbered or transferred more than four months before the assignment which creditors did not enjoy prior to the act, but empowered the assignee to enforce in his own name the rights which prior to the act were enforceable only by the creditors.

2. Whether the Act of June 4, 1901, P. L. 404, is inoperative so long as the Federal Bankrupt Statute, July 1, 1898, c. 541, 30 Stat. 544, is in force, not decided.

Argued Oct. 8, 1914. Appeal, No. 149, Oct. T., 1914, by James W. Closser and Corbly K. Spragg, terre tenants, from judgment of C. P. Washington Co., Aug. T., 1912, No. 444, on directed, verdict for plaintiff in case of John H. Strawn, Trustee, v. James L. Iams and George F. Auld, with notice to James W. Clouser and Corbly K. Spragg, assignees for the benefit of creditors of said James L. Iams, and Clement Powell, terre tenants. Before POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage. Before McILVAINE, P. J.

From the record it appeared that the mortgagor, more than four months after the execution and recording the mortgage, made an assignment for the benefit of creditors. The assignees offered evidence that the mortgage was given in fraud of the mortgagor's creditors. The evidence was excluded.

Verdict for plaintiff by direction of the court for the amount of his claim, $148,950.62, and judgment thereon. James W. Closser and Corbly K. Spragg, assignees for the benefit of creditors, appealed.

*Errors assigned* were in excluding the evidence referred to above.

*John C. Bane,* with him *James A. Wiley, Rufus Marriner,* and *James J. Purman,* for appellants.

*James I. Brownson,* of *Donnans, Brownson & Miller,* with him *John S. Wendt,* for appellees.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:

Except as the right of an assignee for the benefit of creditors to defend in an action of scire facias on a mortgage given by his assignor, on the ground that the mortgage constitutes a fraudulent preference between creditors, is given by our State Insolvent Act of June 4, 1901, P. L. 404, such right does not exist. Leaving that act out of consideration, such assignee succeeds to the rights of his assignor, and none others. In the language of GIBSON, C. J., in Van Dyke v. Christ, 7 W. & S. 373:

"He is the debtor's instrument for distribution, and stands in relation to the property as stood the debtor himself, except that it cannot be seized in his hands on a creditor's execution. It has been transferred to him as it would have been transferred to the debtor's right hand, had it pleased him to exercise his common law right of preference, by payment in person. As he stands in no privity to the creditors, he cannot arrogate to himself any of their attributes and rights." It was ruled in Bullitt v. Methodist Episcopal Church, 26 Pa. 108, that such assignee so purely represents the debtor that he cannot even avoid a prior assignment which would be void against creditors, and that such being the character and the rights of a voluntary assignee he is bound by the judgments rendered against the debtor before his trust began; that neither a judgment nor mortgage creditor can intervene either to set aside a judgment or prevent its revival, except for fraud, and then it is done not by defending in the shoes of the assignee, but by a collateral proceeding in his own behalf. The fact that in a proceeding by scire facias on a mortgage the assignee for creditors is warned and is on the record

as a terre tenant, does not alter the case in the slightest. A terre tenant in such proceeding, whether summoned or not, has a right to defend pro interesse suo, but his right in any case stops there; he can represent no interest but his own.

"The assignee is but a volunteer, who takes subject to the judgment against the debtor; who has no estate of his own to protect as a purchaser, and who leaves the creditor interested in the assignment, in this as in all other cases, to the protection of that self interest in their debtor which prompts every man to defend himself against false claims." Fulton's Est., 51 Pa. 204. With his rights and powers circumscribed at common law as we have indicated, clearly the assignee in this case would have no standing to contest the plaintiff's right to judgment in the scire facias upon the debtor's mortgage, except it was conferred by statute. His reliance is upon the Act of June 4, 1901, P. L. 404, above referred to. The extent to which the powers of an assignee are enlarged by this act is defined in the 17th section, to be referred to more specifically later on. These enlarged powers were conferred to the end that the purpose of the act might not fail because of lack of authority in the assignee to enforce its provisions. Manifestly it was no part of the purpose of the act, in case of voluntary assignment for the benefit of creditors, to bring within the assignment and thus subject it to the control of the assignee, other property than that as to which the assignor had the right of transfer and conveyance, except such property as, being insolvent, he had parted with in an attempt to give a fraudulent preference to some creditors to the prejudice of general creditors. So much is made apparent by the first three sections of the act. As to property falling within the exception, each of those sections provides that the preference made with respect to it shall enure to the benefit of the general creditors if the "assignment for the benefit of creditors be made or proceedings in insolvency be commenced within four months after such judg-

ment, execution, attachment, sequestration, payment, pledge, assignment, transfer, conveyance or encumbrance shall have been entered, issued or commenced, made or recorded." Otherwise, that is to say, if the pledge of encumbrance which it is claimed was a preference, had continued for as much as four months prior to the assignment, the general creditors, for anything in this act contained, would take the property or thing pledged subject to the preference. The act enlarges the power of the assignee only with respect to such property as belongs to general creditors by virtue of its own provisions; it makes him the representative of the creditors of the insolvent and entitled to have vacated, by proper legal steps, in his own name as assignee any conveyance or encumbrance, first, where the conveyance or encumbrance could have been avoided by the creditors; second, where it is attempted by the conveyance or lien to give one creditor preference over another; and third, when by virtue of the provisions of the act the conveyance or encumbrance enures to the benefit of the general creditors. We have quoted the exact language of the section. With respect to the first, we think the power there given is to be measured by the rights of the creditors in such cases before the passage of the act, and that by "proper legal steps" is to be understood those legal steps or that remedy which had theretofore been available to the creditor. As we have seen, at no time was it open to the creditors to make defense on a scire facias on a lien on the ground that the lien had been given to secure a preference. It was open to them to contest the lien, but not in that way. What were their rights are by the act made the rights of the assignee, and nothing more. We think the second relates exclusively to the right of the assignee, in his own name, to proceed to have vacated conveyances and encumbrances which have been entered or recorded within four months prior to the assignment. Such conveyances and encumbrances are not void at common law; nor are they made so by this act. They are

made voidable by the act, and are void only as it is established that they were given when insolvency actual or in contemplation existed, and made with a view to give preference. The assignee would be without standing to contest even those except for this act. In the present case the mortgage had been on record a year and a half before the assignment was made. With respect to the third it is only necessary to say that whatever benefit would enure to the creditors from the setting aside of the mortgage or other encumbrance would not result from the act of 1901, but would be theirs under the common law.

We agree that by a less strict construction of the 17th section of the act it might be made to avail appellant in his present contention; but it is to be remembered that the presumption always is against a legislative intent to alter existing law beyond its immediate scope.

"This rule refers to the whole system of pleading and practice to which the statute applies, and of which its rule is to form a part; the latter must be construed consistently with the former, and it refers equally to the common law, in whose rules and principles a statute is not presumed to make any change beyond what is expressed in its provisions, or fairly implied in them in order to give them full operation." ENDLICH on Inter, Sec. 127.

For the reasons stated, and keeping in mind that we are here dealing with a voluntary assignment, we are of opinion that the Act of June 4, 1901, P. L. 404, is not applicable to the case in hand. We are not to be understood as saying that the mortgage in this case is beyond attack because recorded more than four months before the assignment, but simply that the Act of 1901 gives no right to the assignee to defend in an action of scire facias on the mortgage by way of proving it a fraudulent preference. The case suggests the more serious question, whether the Act of June 4, 1901, P. L. 404,

is not inoperative so long as the Federal Bankrupt Statute, July 1, 1898, c. 541, 30 Stat. 544, is in force; but this question was not raised in the court below, nor was it argued on the appeal. We have assumed, for the purpose of this case only, that the act is operative. It follows from what we have said that the court committed no error in refusing the defendant's offers of evidence and directing a verdict for the plaintiff.

The judgment is accordingly affirmed.