# Jacob Dold Packing Company *v.* Potter Title & Trust Company, Appellant.

*Replevin—Automobiles—Conditional sales—Evidence—Admissibility.*

In an action of replevin to recover possession of an automobile, it appeared that the machine had been purchased by the plaintiff company, but turned over to an employee to be used by him and paid for, in accordance with an agreement between the parties. It further appeared that, in accordance with the agreement, the employee had paid $402.50 on the purchase price of the automobile. Under such circumstances, the case was for the jury to determine the character of the transaction and it was error to give binding instructions for the plaintiff.

*Replevin—Automobiles—Conditional sale—Possession and care —Evidence—Admissibility.*

In an action of replevin to recover the possession of an automobile, where the issue between the parties was whether or not the machine had been sold on a conditional sale, it was error to exclude evidence that one of the parties had paid for the maintenance of the car and was generally in possession of the same as owner.

Argued May 2, 1922. Appeal, No. 126, April T., 1922, by defendant, from judgment of C. P. Allegheny County, Oct. T., 1919, No. 769, on verdict for plaintiff in the case of Jacob Dold Packing Company v. Potter Title & Trust Company, Administrator of the Estate of Worthington A. Ireland, Deceased, intervening defendant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Replevin to recover possession of an automobile. Before REID, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the plaintiff. Defendant appealed.

112, (1922).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were in directing a verdict in favor of the plaintiff and refusal of offer to prove that defendant's decedent had paid for the repair and maintenance of the automobile and was generally in possession of the same as owner.

*Owen S. Cecil,* for appellant.—The contract was a conditional sale: Bullock E. M. Co. v. Traction Company, 231 Pa. 129; Wilkes-Barre A. Co. v. Malinowski, 57 Pa. Superior Ct. 118; Farquhar v. McAlevy, 142 Pa. 233; Stadtfeld v. Huntsman & Co., 92 Pa. 53; Goss Printing Press Co. v. Jordan, 171 Pa. 474; Ott v. Sweatman, 166 Pa. 217; Morgan-Gardner Electric Co. v. Brown, 193 Pa. 351.

*Frank W. Stonecipher,* and with him *John M. Ralston,* for appellee, cited: Lehigh Company v. Field, 8 W. & S. 232; Farmers Bank v. McKee, 2 Pa. 318; Bullock E. M. Co. v. Traction Co., 231 Pa. 129; Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332; Stadtfield v. Huntsman Co., 92 Pa. 53; Goss Printing Press Co. v. Jordan, 171 Pa. 474.

OPINION BY HENDERSON, J., July 13, 1922:

The title to an automobile is the subject of this litigation. The plaintiff supported its claim by evidence showing the purchase of the car from the Mohler Motor Co., February 28, 1918. The order for the car was given by the Company through W. A. Ireland; delivery was to be made about March 1, 1918. A receipt for the car dated February 28, 1918, was given by the plaintiff through W. A. Ireland. When or to whom the car was actually delivered does not otherwise appear in the plaintiff's evidence. At the time the writ was issued, the car was in the shop of the Mohler Co., where it was taken by W. A. Ireland to be overhauled and repaired. The defendant's title rests on a contract in the form following:

"Jacob Dold Packing Co., Buffalo, N. Y.

"March 1, 1918.

"Mr. W. A. Ireland

"Dear Sir:—

"Referring to the Model 'G' Scripps-Booth Roadster No. 847 purchased by this Company on the 28th ult. at a cost of $988, we hereby agree to transfer the title of this car to you upon payment to this Company of the purchase price and all insurance and other expenses incurred by the Company during the pendency of this agreement.

"It is understood and agreed that you are to make an initial payment of $50, and if your monthly expense book contains no transportation charge of any kind, you shall be entitled to a credit of $10 per week. This credit to be shown in your expense book weekly at the close of each period you are to remit half or $5 per week of this amount to the Company to apply on the purchase price, the other $5 to be applied for operating expenses of the car.            "Yours truly,

"Jacob Dold Packing Company

"EMU/CH                    "Edw. M. Uebethois,

"Accepted: W. A. Ireland."                    "Auditor.

It is admitted that Ireland paid on the contract $402.50 before his death which occurred June 5, 1919. Letters of administration were issued to the appellant on June 10th of the same year. The appellant contends that the contract above recited and the conduct of the parties afterward show that the transaction between plaintiff and Ireland was a conditional sale, and that by virtue of the letters of administration the appellant became entitled to all the estate of the decedent with a right to the possession of it to be disposed of as provided by law under the direction of the orphans' court. The appellee contends that the contract is neither a conditional sale nor a bailment, and the fact that Ireland had possession of the car and made payments pursuant to the contract gave him no property interest. The court ac-

cepted this view of the case, and gave binding instructions for the plaintiff. The complaint of the appellant is that the question of the decedent's right to the car was not submitted to the jury under the evidence presented and that offered as set forth in the third assignment showing the relation of Ireland to the car and the course of conduct of the parties throwing light on their understanding of the transaction. The parties agree that the contract was not one of bailment; it contained no words indicative of an intention to lease, no rental was provided for, and there was no undertaking to return. Our inquiry is limited therefore to the question whether the facts tend to show a conditional sale, and if so what the plaintiff's status is since the death of Ireland. The opinion filed by the learned judge on the motion for a new trial shows that he thought the evidence did not disclose the fact that delivery of the property had been made by the plaintiff to Ireland, and this conclusion apparently arose out of the fact that the order for the car and the receipt for it were signed by Ireland for the plaintiff. A consideration of the contract shows that the car was to be used by Ireland in connection with the plaintiff's business; that at least is a fair inference from the provision with respect to the mode of payment. It is clear too as we view the contract that there was an intention on the part of the plaintiff to sell the car to Ireland. The agreement was "to transfer the title of this car to you upon payment to this Company of the purchase price, etc." The evidence shows that immediately after the contract, a state license for the car was issued to Ireland who is described therein as the owner, and there is some evidence that he used it. A period of about a year and three months elapsed between the time when the car was obtained and the date of Ireland's death. If he had possession of it during that time, using it as his own, and making payments to the plaintiff as agreed on, it might well be concluded that he had possession pursuant to the con-

tract. The delivery by the Mohler Co. so far as the plaintiff's evidence goes was to the plaintiff, not to Ireland. His relation to the transaction was only that of an agent and the delivery was presumably to the company. Whether the automobile was stored on property of the company or elsewhere does not appear. If there be doubt as to the possession by Ireland, or the use to which the car was put, the defendant should have been allowed to offer evidence confirmatory of the inference of possession derivable from the contract and such evidence as was introduced relating to the actual possession of the property by him. We are unable to conclude from the contract that the plaintiff intended to do more than retain the title to the property. There are implications in the language used that Ireland was to have possession of it and use it for the mutual advantage of the parties, and when payments were made equal to the price paid, the property was to be his absolutely. If he had any property right, it vested in his administrator. That right inures to the advantage of creditors—the property passed into the custody of the law for administration. That Ireland had control of the car at the time of his death, cannot be successfully controverted. He had been using it and took it to the shop for repairs. The plaintiff does not contend that it was in actual possession, it only claims possession through Ireland. If the decedent had a property interest, the defendant could not successfully assert a title regardless of that interest: Kater v. Steinruck's Admr., 40 Pa. 501; Duplex Printing Press Co. v. Clipper Pub. Co., 213 Pa. 207; Maynard v. Shaw, 246 Pa. 330. The use of the car for more than a year by Ireland under a license in his own name presumably with the knowledge of the plaintiff is some evidence of ownership, and may be taken into consideration along with the other proofs on the delivery of the car pursuant to the agreement of March 1st.

The offer contained in the third assignment is something more than self-serving declarations. Taken in

connection with the contract it tends to show what understanding the parties had of their agreement and would support the appellant's contention that the transaction was a conditional sale under which Ireland acquired an interest in the property which passed to his administrator. As the writ of replevin was issued some time after the letters of administration were granted, no controversy arises as to the appellant's standing. We are all of the opinion that if the property was delivered to Ireland pursuant to the terms of the contract, the transaction was a conditional sale, and that after his death the plaintiff acquired his interest in behalf of such claimants as might have legal standing. Such evidence as would tend to show the possession of the property by Ireland in his lifetime pursuant to his agreement with the plaintiff is competent to establish a delivery to him.

The judgment is reversed with a venire facias de novo.