## In re Coover et al.

*W. A. Kramer* and *James G. Hatz*, for petitioner.

*Caleb S. Brinton* and *Fred J. Templeton*, contra.

REESE, P. J., October 25, 1932.—On November 30, 1931, the petitioner, Oliver Farm Equipment Sales Company, entered into a written conditional sale of certain goods with S. M. Coover and W. Clyde Coover, trading as Coover Brothers. A copy of the contract was filed in the office of the prothonotary on August 12, 1932.

On the latter date, Coover Brothers executed a deed of assignment to Charles P. Mateer, assignee for the benefit of creditors. This deed was filed in the office of the prothonotary on August 13, 1932. Thereafter the conditional vendor made a demand upon the assignee for the return of the goods, with which the assignee refused to comply.

The conditional seller thereupon, on September 28, 1932, filed its petition for a rule upon the assignee to show cause why he should not return to the conditional seller the goods which were delivered to Coover Brothers under the conditional sale. The assignee contends that the conditional sale is not valid as against him, principally upon the ground that he is clothed with the rights of a lien creditor and that the conditional sale was not filed before the execution and delivery of the deed of assignment.

There is presented therefore the question whether an assignee for the benefit of creditors of a conditional buyer is entitled to the goods as against the conditional seller who has failed, as contended by the assignee, to file the contract of conditional sale within the time or in the manner required by law.

The Uniform Conditional Sales Act of May 12, 1925, P. L. 603, provides in sections 4 and 5:

"Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except . . . as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

To conclude that the conditional sale was invalid against the assignee, it would have to appear that the assignee may be regarded either as a purchaser

for value from or a lien creditor of his assignor, the conditional buyer, and that the assignee acquired his interest before a proper filing of the conditional sale.

Upon examination of the authorities in other jurisdictions, we find a difference of opinion, doubtless largely because of variance in the wordings of the various statutes. In some jurisdictions the assignee prevails over the conditional seller who has not promptly or properly filed the contract of conditional sale, sometimes on the theory that the assignee is a purchaser for value and in other cases because he is regarded as representing creditors who were entitled to protection: Corbett v. Riddle, 209 Fed. 811; Clark v. Bright, Assignee, 30 Colo. 199, 69 Pac. 506; The Emerson Co. v. Proctor, 97 Me. 360, 54 Atl. 849; Brem & McDowell v. Lockhart, Assignee, 93 N. C. 191; National Cash Register Co. v. Burrow & Martin, Trustees, et al., 110 Va. 785, 67 S. E. 370; Mishawaka Woolen Mfg. Co. v. Teasdale, Assignee, 145 Wis. 73, 129 N. W. 671. In other decisions the assignee has been declared inferior to the conditional seller: Peet et al. v. Spencer, Assignee, 90 Mo. 384, 2 S. W. 434; Adams v. Lee, 64 N. H. 421, 13 Atl. 786; Sunel v. Riggs, 93 Wash. 314, 160 Pac. 950; Mansur & Tebbetts Implement Co. v. Beeman-St. Clair Co. et al., 45 S. W. (Tex.) 729; International Harvester Co. of America v. Poduska et al., 211 Iowa 892, 232 N. W. 67.

In the case last cited, decided in 1930, the Supreme Court of Iowa held that since an assignee for the benefit of creditors is neither a purchaser nor a lien creditor within the meaning of the conditional sales statute, he cannot assert the invalidity of a contract of conditional sale which has been improperly or defectively recorded. The court said (p. 896): "Since . . . the assignee is neither a purchaser nor a creditor, within the meaning of the [conditional sale] law, and succeeds only to the rights of his assignor, . . . the question as to whether the contracts were properly acknowledged and filed, or recorded so as to afford constructive notice thereof, becomes wholly immaterial." This view seems to be that of the weight of authority, according to a collection of cases in a note in 71 A. L. R. 981.

An examination of the decisions in Pennsylvania discloses no case which is exactly decisive of the question presented herein. However, we are at once confronted with a long line of decisions which reiterate that an assignee for the benefit of creditors is but a volunteer, and is not a bona fide purchaser for value; he is the mere representative of his assignor, enjoying his rights and no others, and is bound where he would be bound; the assignee is but the hand of the assignor in the distribution of his estate among his creditors, but he stands in no privity to the creditors and cannot arrogate to himself any of their attributes or rights unless specifically empowered by statute: Fulton's Estate, 51 Pa. 204, 211; Wright and Slingluff v. Wigton et al., 84 Pa. 163, 166; Potter, Assignee, v. Gilbert, Exec'r, et al., 177 Pa. 159, 168; Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207, 212; Strawn, Trustee, v. Iams (No. 1), 247 Pa. 132, 134; Gawthrop Co. v. Fibre Specialty Co. et al., 257 Pa. 349, 354.

It would seem therefore that a contract of conditional sale which is valid against the conditional buyer, although not filed as required by statute, would likewise be valid against his assignee for the benefit of creditors.

But counsel for the assignee contend that the rule which applies to a receiver of an insolvent should apply to an assignee. It has frequently been held that a receiver appointed upon bill in equity for an insolvent corporation has the rights of an attaching creditor and therefore, before the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, a conditional sale would not be valid against such a receiver: Sullivan Machinery Co. v. Griffith, Receiver, 94 Pa.

Super. 207, affirmed in 294 Pa. 422; Jennings et al. v. Supreme Photoplay Co., 289 Pa. 240; John Deere Plow Co. v. Hershey et al., 287 Pa. 92; Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207. Of course, since the Act of 1925, a contract of conditional sale would be invalid against such a receiver unless filed as required by that act.

But we do not believe that such a receiver appointed in equity for an insolvent corporation can properly be said to be exactly analogous to an assignee for the benefit of creditors. In Duplex Printing Press Co. v. Clipper Publishing Co., 213 Pa. 207, 212, cited supra, the court said:

"A voluntary assignee for the benefit of creditors is a mere representative of the debtor and is bound where he would be bound: Wright v. Wigton, 84 Pa. 163; but Tams v. Bullitt [35 Pa. 308], establishes the distinction that when the assignee, trustee, or whatever he may be called, derives his authority, not from the mere voluntary act of the assignor but from the mandate of the law . . . in the interest of the creditors, he represents the latter and is vested with their powers. The same principle applies a fortiori to a receiver deriving his authority not at all from the debtor, but altogether from the court acting in the interest and for the enforcement of the rights of creditors.

"When, therefore, on a creditor's bill, a receiver is appointed for an insolvent corporation, he is not limited like an assignee for the benefit of creditors, by the rights of the debtor corporation as to property held by it under a conditional sale, but has the rights of a levying creditor." Also in John Deere Plow Co. v. Hershey et al., 287 Pa. 92, 99, cited supra, it is pointed out that a receiver appointed for a solvent but embarrassed corporation, unlike a receiver appointed for an insolvent corporation, has no greater rights as against a conditional vendor then are possessed by the conditional vendee himself.

In Davis v. Billings, 254 Pa. 574, 581, it is said that a contract of pledge, whereby it is agreed that the pledged property shall remain in the possession of the pledgor, creates an equitable lien upon the property, enforceable against the property in the hands not only of the pledgor, but of his heirs, administrator, executor, voluntary assignee, and purchasers and encumbrancers with notice. Such a result can be reached only by adhering to the principle that an assignee for the benefit of creditors succeeds only to the rights of his assignor.

It would seem illogical to hold that, although creditors of a conditional vendee had failed to acquire a lien by attachment or levy on the property held by the debtor under conditional sale before the filing thereof, the conditional vendee could by his voluntary assignment for the benefit of creditors vest his assignee with the rights of a lien creditor and thus afford a protection to the creditors who had failed to secure that protection for themselves.

Therefore, since a contract of conditional sale is good between the original parties thereto, although not filed as required by statute: Com. v. One Ford Truck, 8 D. & C. 491; and since an assignee for the benefit of creditors, as set forth hereinabove, is merely the representative of his assignor and succeeds only to his rights, and is not a purchaser for value or a lien creditor, we conclude that a contract of conditional sale is not invalidated and the conditional seller will prevail as against the assignee for the benefit of creditors of the conditional buyer, even though the contract of conditional sale has not been properly filed as required by the Uniform Conditional Sales Act.

Counsel for the assignee points out that the contract of conditional sale provides that the agreement shall not be binding unless approved by the manager of the conditional seller or his assistant, and that the copy of the contract filed does not contain such approval. The original contract, exhibited

at the oral argument, did contain such approval; since the conditional buyer is bound by this contract, so also, under the view we have taken, is his assignee, and therefore any defect or impropriety in the filing of a copy becomes immaterial.

And now, October 25, 1932, the rule granted September 28, 1932, is made absolute, and the assignee for the benefit of creditors of S. M. Coover and W. Clyde Coover, trading as Coover Brothers, is directed to return to the petitioner for the rule the property delivered by said petitioner to said Coover Brothers under the contract of conditional sale dated November 30, 1931.

From Francis B. Sellers, Carlisle, Pa.