## In re BELLE.

(District Court, W. D. Pennsylvania.
March 10, 1925.)

### No. 11728.

Bankruptcy ⊂⊐140(1)—Contract held one of
conditional sale.

Claimant sold to bankrupt the stock of goods in a drug store, excepting the fixtures; a deferred payment of $2,000, under the contract, to be made in 20 monthly payments. At the same time he made a bailment lease to bankrupt of the fixtures for $2,000; rental to be paid in 20 monthly installments, and on their full payment bankrupt to receive a bill of sale. The monthly payment under the two contracts was the same, $100. Held, that the two contracts must be construed together, and constituted a contract of conditional sale, and under the law of Pennsylvania the fixtures could not be reclaimed from the receiver in bankruptcy.

In Bankruptcy. In the matter of Julius H. Belle, trading as the Arcade Drug Company, bankrupt. On petition of Herman H. Goldberg for reclamation of property. Petition dismissed.

Benj. Diamond, of Pittsburgh, Pa., for petitioner.

Harry Shapera, of Pittsburgh, Pa., for receiver.

SCHOONMAKER, District Judge. This case came on to be heard on the reclamation petition filed by one Herman H. Goldberg, who claimed the right to repossess and recover from the receiver in bankruptcy in this case certain fixtures in a drug store operated by the bankrupt, which Goldberg claims had been leased by himself to the bankrupt by a bailment lease dated April 3, 1923. After filing this petition, the receiver came into court with a petition for the sale of the bankrupt's personal property, including the bankrupt's interest in the fixtures claimed by Goldberg.

After due hearing the court made an order that the personal property be sold, and of that sale price the amount claimed by Goldberg be substituted for the property and held subject to the determination of the reclamation proceeding. The receiver in bankruptcy made answer to the reclamation petition, denying the right of Goldberg to reclaim this property, contending, first, that the contract under which Goldberg claimed the property was a conditional sale contract, and not a bailment contract; and, second, that in any event, by confessing judgment on the notes secured by the contract in question, he had elected his remedy in an action for the recovery of the notes secured by

the contract, and could not therefore claim the property itself.

This case was heard entirely on the petition and answer. By these it appears that the petitioner in this matter, Herman H. Goldberg, was on April 3, 1923, the owner of a certain stock of drugs, merchandise, and store fixtures, and that on the 4th of April, 1923, he made a contract with Julius H. Belle, the bankrupt, wherein he agreed to sell, and Belle agreed to buy, "all and singular the stock of merchandise located in the drug store at 1921 Carson street, S. S. Pittsburgh, Pa., said stock of merchandise consisting, among other things, of tobacco, confectionery, drugs, toilet articles, and any and all sundries in connection with the said business hitherto operated by the said Herman H. Goldberg, and excepting therefrom, however, all the fixtures located on the said premises, for which fixtures a bailment lease will be given by the said Herman H. Goldberg to the said Julius H. Belle." The consideration for this sale was $4,500, payable $2,000 down, $500 in 30 days, and $2,000 in 20 monthly installments, of $100 each, payable monthly, beginning the 3d of June, 1923. So far as the fixtures involved are concerned, it was specifically agreed' that, upon the payment of the last installment of $100, Goldberg should then give to Belle a bill of sale for all the fixtures in accordance with the terms of the bailment lease made cotemporaneously with this agreement. Title and possession of all the merchandise were given cotemporaneously with the execution and delivery of this agreement.

Now, at the same time with the execution and delivery of this sale agreement, the parties executed and delivered another contract, in the form of a bailment lease, dated April 3, 1923, wherein it was provided that Belle, now bankrupt, should pay $2,000 for the rent of said fixtures, payable $100 on June 3, 1923, and a like amount on the 3d of each month thereafter, until the whole amount was paid. This was the same monthly payment of $100 agreed to be paid by the sale contract bearing date the 4th day of April, 1923.

While undoubtedly the contract under which the claimant, Goldberg, is now claiming this property is in due and correct form a bailment contract, the courts will look behind the mere words of the instruments to the surrounding facts, to determine what the transaction really was. Here there can be no doubt that this was an agreement of sale, whereby, so far as the merchandise was concerned, the title was given on the date of

sale, but, so far as the fixtures were concerned, the title was retained in Goldberg until the payment of the balance of the purchase price. So we have here, laying aside the mere form of the papers, what is actually a conditional sale contract. There was no separate amount paid for the merchandise apart from the fixtures. The whole sum to be paid is lumped together in the sale contract, and is specified as $4,500 for both the merchandise and the fixtures. The values of the merchandise and the rental of the fixtures are not separated. The fact that the parties have used as a part of the instrumentality in retaining the title to the fixtures, pending the payment of the balance of the purchase price, a contract which is a bailment in form, does not change the actual situation as to what the parties really intended.

We see no escape from the conclusion that both the sale contract and the bailment contract must be considered together, and were part of the same transaction, and, so considered, the deal between the parties was one of conditional sale, and not of bailment. Therefore these fixtures, being held by the bankrupt under a conditional sale contract and having passed into the hands of his receiver, cannot now be reclaimed by the seller, Goldberg. In re Mina (D. C.) 270 F. 969 (opinion by the late Judge Orr, of this district). This view of the case makes it unnecessary to discuss or to determine the question raised by the receiver as to the election of remedies by Goldberg.

Now, March 10, 1925, this case came on to be heard on the petition of Herman H. Goldberg for the reclamation of certain property and the answer of the receiver in bankruptcy; and on due consideration thereof it is hereby ordered that the said petition be and the same is hereby dismissed.